UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:12-cr-157-MMH-MCR[1]
     3:13-cr-83-MMH-JRK

EDDIE BATTLES   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[2]

　　☒ FACTORS CONSIDERED

Defendant Eddie Battles is a 33-year-old inmate serving a 194-month aggregate term of imprisonment for eleven counts of Hobbs Act robbery or aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and

---

[1] Record citations refer to docket entries in Case No. 3:12-cr-157-MMH-MCR.

[2] The Court assumes, for the sake of discussion, that Battle's administrative remedy request for compassionate release, filed with the warden of his facility on August 26, 2020, satisfies § 3582(c)(1)(A)'s exhaustion requirement. (See Doc. 116-1).

§ 2, and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 86, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on February 22, 2026. Battles, who is pro se, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on Section 403 of the First Step Act, Pub. L. No. 115–391, 132 Stat. 5194 (2018), which limits the application of "stacked" sentences under 18 U.S.C. § 924(c)(1)(C). (Doc. 106, Motion for Compassionate Release).[3] Battles also cites his clean BOP disciplinary record and his post-sentencing rehabilitation as reasons to reduce his sentence. In support, Battles filed an appendix containing eight exhibits. (Doc. 110, Def. App'x, Def. Exs. A through H). The United States responded in opposition. (Doc. 112, Response).

After he filed the Motion for Compassionate Release, Battles filed a Motion to Amend (Doc. 116), in which he contends he exhausted his administrative remedies, a Motion to Appoint Counsel (Doc. 119), and a Motion to Supplement (Doc. 120), in which he advised the Court that his life was in danger at his facility, which at the time was Manchester FCI. The Court granted the Motion to Amend and Motion to Supplement to the extent the Court would consider the assertions contained therein, and took the Motion for

---

[3] However, Congress limited the retroactive reach of Section 403 to "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 403(b).

Compassionate Release and Motion to Appoint Counsel under advisement pending the Eleventh Circuit Court of Appeals' decision in <u>United States v. Bryant</u>, No. 19–14267. (Doc. 121, Order on Motions).

On May 7, 2021, the Eleventh Circuit Court of Appeals issued a published decision in <u>Bryant</u>. The court held that U.S.S.G. § 1B1.13, with its definition of "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A), "is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." <u>United States v. Bryant</u>, 996 F.3d 1243, 1248 (11th Cir. 2021). In doing so, the court rejected Bryant's argument that the First Step Act's change to 18 U.S.C. § 924(c)'s sentence stacking provision qualified as an extraordinary and compelling reason for a sentence reduction. <u>See id.</u> at 1265 ("Because Bryant's motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,' the district court correctly denied his motion for a reduction of his sentence."). In light of <u>Bryant</u>, and for the reasons below, Battles's Motion for Compassionate Release is due to be denied.

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

**(A)**   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). As noted, the Eleventh Circuit Court of Appeals instructs that the applicable policy statement, U.S.S.G. § 1B1.13, governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. Bryant, 996 F.3d at 1247–48. A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

According to the applicable policy statement, a district court may reduce a term of imprisonment if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, the court finds that:

4

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. "Extraordinary and compelling reasons" exist to reduce a defendant's sentence in the following circumstances: (A) when the defendant is suffering a terminal illness or a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," (B) old age, (C) certain family circumstances, and (D) other reasons, other than or in combination with those listed in (A) through (C), as determined by the BOP Director. U.S.S.G. § 1B1.13, cmt. 1.

Battles is not eligible for compassionate release because he has not identified "extraordinary and compelling" circumstances as defined by U.S.S.G. § 1B1.13, cmt. 1. He primarily seeks a sentence reduction based on the First Step Act's changes to 18 U.S.C. § 924(c)(1)(C)'s sentence-stacking provision. See Motion for Compassionate Release. He also seeks a sentence reduction based on his post-sentencing rehabilitation, his good behavior in

prison, and as stated in the Motion to Supplement, because his life was threatened at Manchester FCI in retaliation for cooperating with the government. That said, the Court notes that Battles has since been transferred to a different facility from the one where his life was allegedly threatened. While the Court commends Battles for his good conduct and his efforts at rehabilitation, none of these circumstances, alone or in combination, fits within the policy statement's definition of "extraordinary and compelling reasons." "Because [Battles's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" his Motion must be denied. Bryant, 996 F.3d at 1265.

Moreover, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Battles was convicted of eleven counts of Hobbs Act robbery or aiding and abetting Hobbs Act robbery, plus two counts of brandishing a firearm in furtherance of a crime of violence. These are serious violent felonies. The two brandishing-a-firearm convictions alone subjected him to a mandatory minimum sentence of 32 years (384 months) in prison. See 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C)(i). Although Battles, to his credit, earned a substantial assistance reduction by cooperating with the government, he has already been rewarded for his cooperation by receiving a sentence that was more than 15 years below the mandatory minimum. In view of all the § 3553(a) factors,

further reducing Battles's sentence is not warranted at this time.

Accordingly, Battles's Motion for Compassionate Release (Doc. 106) is **DENIED**. Battles's Motion to Appoint Counsel (Doc. 119) is likewise **DENIED** because the interests of justice do not require the appointment of counsel. See United States v. Cain, 827 F. App'x 915, 921 (11th Cir. 2020) (citing United States v. Webb, 565 F.3d 789, 795 n.4 (11th Cir. 2009)).

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of June 2021.



MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant